IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**AMADO LIBRADO PACHECO,**

    Plaintiff,

v.

**BEYOND GREEN, LLC, et al.**,

    Defendants.

No. 3:11-cv-01154-MO

OPINION AND ORDER

**MOSMAN, J.**,

On September 23, 2011, Mr. Pacheco filed a Complaint [1] against Beyond Green, LLC ("Beyond Green") and Steve A. Hottovy under the Fair Labor Standards Act ("FLSA"), Or. Rev. Stat. § 653.025, Or. Rev. Stat. § 652.140, and Oregon common law for unpaid wages. After defendants failed to plead or otherwise defend in this case, I granted [10] plaintiff's Motion for Entry of Default [5] on March 12, 2012. Plaintiff filed a Motion for Default Judgment [15] on April 11, 2012, requesting entry of default judgment against defendants, jointly and severally, for damages in the amount of $20,802.96. Based on the following, I enter a default judgment against Beyond Green only in the amount of $15,958.53, pursuant to plaintiff's third claim for breach of contract and fourth claim under Or. Rev. Stat. § 652.140.

1 – OPINION AND ORDER

## STANDARD

The general rule in determining liability as to a default judgment "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

## DISCUSSION

Plaintiff was employed by defendant Beyond Green from January 1, 2001, through June 14, 2009. (Compl. [1] ¶ 6). Plaintiff alleges that defendant Steve Hottovy "managed the employment of plaintiff as the agent of Beyond Green." (*Id*. at ¶ 8). As a result, plaintiff asserts that Mr. Hottovy shall be held jointly and severally liable with Beyond Green for the alleged wage and hour violations in this case. Plaintiff solely reasons that Mr. Hottovy is individually liable here because he "managed" plaintiff's employment, which renders him an "employer" as defined by both the FLSA and Or. Rev. Stat. § 653.010(3). (Pl.'s Mem. in Supp. of Mot. for Def. Judg. [18] 3–4). While this may be true generally, plaintiff's bare allegation that Mr. Hottovy is an "employer" under the FLSA and Oregon statute is merely a legal conclusion, unsupported by well-pled facts, and thus has not been admitted by either defendant through default. *See Huynh*, 503 F.3d at 854. Accordingly, I find that Mr. Hottovy shall not be held jointly and severally liable with Beyond Green for the purposes of this motion for default judgment.

Plaintiff's first and second claims implicate 29 U.S.C. § 206 and Or. Rev. Stat. § 653.025, which both state that an employer must pay an employee the applicable minimum wage for each hour worked. Plaintiff alleges that defendants did not pay "the federal or Oregon minimum wage for all hours worked," in both 2008 and 2009. (Compl. [1] ¶ 13). Like with the allegation as to joint and several liability, plaintiff's allegation that he did not receive minimum wage is a legal conclusion that need not be taken as true. While plaintiff has proffered a total amount of unpaid wages for both 2008 and 2009 combined in his memorandum in support of his motion for default judgment, he has not identified what amount he earned in each given year, making it impossible to determine whether the hourly wage that he earned satisfied the applicable minimum wages in 2008 or 2009 under either federal and Oregon law. Therefore, because plaintiff is not entitled to default judgment under 29 U.S.C. § 206 and Or. Rev. Stat. § 653.025, plaintiff is not entitled to $2,808.43 in liquidated damages under 29 U.S.C. § 216(b) and $2,016.00 in penalties under Or. Rev. Stat. § 653.025.

With regard to the third claim for relief, plaintiff alleges breach of an employment contract between himself and Beyond Green, because he was not paid "the promised hourly wage for every hour worked." (Compl. [1] ¶ 12, 22). Plaintiff indicates that he was hired by Beyond Green to perform nursery work at a wage rate of $9.00 per hour in 2008 and $9.25 per hour in 2009. (Pl.'s Mem. in Supp. of Mot. for Def. Judg. [18] 5). Mr. Pacheco worked 2,844 hours in 2008 and 1,431 hours in 2009, but only received $25,074.22 for this work. (*Id*.). Therefore, plaintiff is entitled to $13,758.53 under the terms of his employment contract with Beyond Green. Similarly, because of the nonpayment of these wages, I find that defendant Beyond Green is liable under plaintiff's fourth claim for relief pursuant to Or. Rev. Stat. § 652.140, which states that an employee is entitled to all wages earned and unpaid subsequent to

the termination of his or her employment. Beyond Green's liability under Or. Rev. Stat. § 652.140 entitles plaintiff to $2,220.00 in penalty damages according to Or. Rev. Stat. § 652.150(1).

## CONCLUSION

Based on the foregoing, I GRANT IN PART plaintiff's Motion for Default Judgment [15]. Default judgment is entered against Beyond Green in the amount of $15,958.53 pursuant to plaintiff's third claim for breach of contract under Oregon common law and fourth claim under Or. Rev. Stat. § 652.140. I do not enter default judgment against defendant Steve A. Hottovy, as I have not found him liable under any of plaintiff's claims for relief.

IT IS SO ORDERED.

DATED this __2nd__ day of May, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

4 – OPINION AND ORDER